Summers, J.
The question is, whether the circumstances proved formed a sufficient ground for the admission of the secondary evidence of the contents, character and description, of the check? The general rule, which runs alike through civil and criminal proceedings, that the best evidence which the nature of the case admits of must be produced, is intended to preclude all testimony, which from its very nature supposes that the party offering it has it in his power to produce better evidence. But wherever an original paper is shewn to have been lost or destroyed, or is in the hands of the party himself, the prosecutor may give a copy in evidence, or if not, parol evidence of its contents; because, in each of those cases, the presumption of the prosecutor having it in his power to produce better evidence is repelled. In this case, the inquiry seems to be narrowed down to the sufficiency of the search made by the witness Talley, for the original paper. His testimony is not so perfectly simple, direct and positive, as it might have been; but the bare possibility that the paper might have been found on a more diligent search, was no good reason for excluding the evidence. The burning of the checks handed to Talley by Wilson, made it extremely doubtful, whether the check on which the prosecution was founded, was not one of those committed to the flames, probably for the protection of the prisoner. If the retained check may have been the one in question, the failure to produce it was not owing to any fault of the prosecutor; nor can any presumption possibly arise of an unjust suppression by him of the primary evidence. The mind of the witness Talley himself was satisfied, that the paper was lost; and the judge, to whom this preliminary inquiry belonged, was satisfied by the examination, of the correctness of the conclusion of the witness. This court ought not to interfere, unless error is made apparent. We are *698 unanimously of opinion, that there is no error. If authorities be necessary to sustain this opinion, they may be found in 2 Russel on Crimes, book 6. ch. 3. § 2. p. 674. and the cases there referred to, and the case of The Commonwealth v. Snell, 3 Mass. Rep. 82.
Writ of error denied.